AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

__SOUTHERN__ District of __NEW YORK__

LOUISE WHITE,

        Plaintiff,

V.

LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, THE GREENPOINT BANK LONG TERM DISABILITY PLAN, and PLAN ADMINISTRATOR OF THE GREENPOINT BANK LONG TERM DISABILITY PLAN,

        Defendants.

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER: 08 CIV 6578

TO:

LIBERTY LIFE ASSURANCE
COMPANY OF BOSTON
175 Berkeley Street
Boston, MA 02117

THE GREENPOINT BANK
LONG TERM DISABILITY PLAN
275 Broad Hollow Road
Melville, NY 11747

PLAN AMINISTRATOR OF THE
GREENPOINT BANK LONG TERM
DISABILITY PLAN
275 Broad Hollow Road
Melville, NY 11747

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Eve-Lynn Gisonni
Gisonni & Harms, LLP
20 Crossways Park North
Suite 412
Woodbury, New York, 11797

an answer to the complaint which is served on you with this summons, within _____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON          JUL 2 4 2008

CLERK          DATE

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

　Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL $0.00 |

**DECLARATION OF SERVER**

　　　I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

　Executed on _____　　_____
　　　　　　　　　　　Date　　　　　　　　　　　　　*Signature of Server*

　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　*Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

Eve-Lynn Gisonni (EG-0758)
Gisonni & Harms, LLP
20 Crossways Park North - Ste. 412
Woodbury, New York 11797
(516) 921-7773

Attorneys for Plaintiff
Louise White

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------
LOUISE WHITE,

      Plaintiff,

  - against -

LIBERTY LIFE ASSURANCE COMPANY
OF BOSTON, THE GREENPOINT BANK
LONG TERM DISABILITY PLAN,
and PLAN ADMINISTRATOR OF
THE GREENPOINT BANK LONG
TERM DISABILITY PLAN,

      Defendants.
------------------------------------------------------------

**COMPLAINT**

**JURY TRIAL
DEMANDED**

Plaintiff LOUISE WHITE, by and through her attorneys, Gisonni & Harms, LLP, as and for her Complaint against Defendants LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, THE GREEPOINT BANK LONG TERM DISABILITY PLAN and PLAN ADMINISTRATOR OF THE GREENPOINT BANK LONG TERM DISABILITY PLAN hereby sets forth the following:

### THE PARTIES

1. At all times hereinafter mentioned, Plaintiff LOUISE WHITE was and still is a resident of Nassau County, New York.

2. Defendant LIBERTY LIFE ASSURANCE COMPANY OF BOSTON ("LIBERTY

LIFE") is a corporation organized and existing under the laws of the State of Massachusetts with its principal place of business at 175 Berkeley Street, Boston, Massachusetts 02117.

3. Defendant LIBERTY LIFE is a fiduciary as that term is defined in the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1002(21)(A)(I).

4. Defendant THE GREENPOINT BANK LONG TERM DISABILITY PLAN ("LTD PLAN") is an employee benefit welfare plan as that term is defined under ERISA, 29 U.S.C. §1002(3).

5. Upon information and belief, Defendant LTD PLAN has an address c/o North Fork Bancorporation, Inc. and/or Capital One Bank, 275 Broad Hollow Road, Melville, New York 11747.

6. Defendant PLAN ADMINISTRATOR OF THE GREENPOINT BANK LONG TERM DISABILITY PLAN ("PLAN ADMINISTRATOR") is an individual or entity designated as administrator under the LTD PLAN as that term is defined in 29 U.S.C. §1002(16).

7. Defendant PLAN ADMINISTRATOR has an address c/o North Fork Bancorporation, Inc. and/or Capital One Bank, 275 Broad Hollow Road, Melville, New York 11747.

## JURISDICTION AND VENUE

8. Jurisdiction is founded on 28 U.S.C. §1331 because this action arises under ERISA and the regulations promulgated thereunder.

9. Venue is properly laid in this judicial district pursuant to 28 U.S.C. §1391(b) and 29 U.S.C. §1332(e)(2) because one or more Defendants may be found in this judicial district.

## AS AND FOR A FIRST CAUSE OF ACTION
## <u>AGAINST DEFENDANTS</u>
### *(29 U.S.C. §1132(a)(1)(B))*

10. Plaintiff repeats and reiterates the allegations contained in Paragraphs 1 through and including 9 as if more fully set forth herein.

11. Upon information and belief, on January 1, 2002, Defendant LIBERTY LIFE issued to GreenPoint Bank a group long term disability insurance policy bearing no. GD3-820-089359-01.

12. Said policy of insurance is an employee benefit plan as that term is defined in 29 U.S.C. §1002(3).

13. In July 2004, Plaintiff was an employee of GreenPoint Bank.

14. In July 2004, Plaintiff was eligible to participate in the LTD PLAN.

15. In July 2004, Plaintiff was a participant and beneficiary of the LTD PLAN, as those terms are defined in 29 U.S.C. §1002(7) and 29 U.S.C. §1002(8), respectively.

16. Said LTD PLAN provides, among other things, that disability insurance benefit payments will be made to Plaintiff in the event that she becomes totally disabled due to injury or sickness.

17. The LTD PLAN defines "disability" or "disabled" as follows:

    i. if the Covered Person is eligible for the 24 Month Own Occupation benefit, "Disability" or "Disabled" means that during the Elimination Period and the next 24 months of Disablity the covered Person, as a result of Injury or Sickness, is unable to perform the Material and Substantial Duties of his Own Occupation; and

3

   ii. thereafter, the Covered Person is unable to perform, with reasonable continuity, the Material and Substantial Duties of Any Occupation.

18. The LTD PLAN defines "Own Occupation" as "the Covered Person's occupation that he was performing when his Disability or Partial Disability began. For the purposes of determining Disablity under this policy, Liberty will consider the covered Person's occupation as it is normally performed in the national economy."

19. The LTD PLAN defines "Any Occupation" as "any occupation that the covered Person is or becomes reasonably fitted by training, education, experience, age, physical and mental capacity."

20. The LTD PLAN defines "Material and Substantial Duties" as " responsibilities that are normally required to perform the Covered Person's Own Occupation, or any other occupation, and cannot be reasonably eliminated or modified."

21. The LTD PLAN provides that monthly benefits are payable to Plaintiff in the sum of 60% of her Basic Monthly Earnings not to exceed the maximum monthly benefit of $15,000.00 per month, less other income benefits and other income earnings, payable to age 66.

22. In July 2004, the LTD PLAN was in full force and effect.

23. Plaintiff and/or her employer paid any and all premiums as required by the LTD PLAN.

24. Plaintiff has complied with all of the relevant terms and conditions of the LTD PLAN.

25. On July 17, 2004, Plaintiff was involved in an accident and became disabled within the meaning and pursuant to the terms of the LTD PLAN.

4

26. From July 17, 2004, to the present date and continuing, Plaintiff continues to be disabled and is eligible for benefits because she continues to meet the definition of disabled and disability in the LTD PLAN.

27. Plaintiff filed a claim, provided proper proof of disability, and otherwise complied with all LTD PLAN terms and conditions regarding the filing of a claim.

28. Defendants admitted that Plaintiff is and has been disabled since July 17, 2004 pursuant to the terms of the LTD PLAN and made monthly benefit payments to Plaintiff from approximately January 2005 through January 26, 2007.

29. From July 2004 through January 26, 2007, Defendant LIBERTY LIFE administered Plaintiff's claim for benefits under the LTD PLAN.

30. From July 2004 through January 26, 2007, Defendant LIBERTY LIFE funded the benefits paid to Plaintiff under the LTD PLAN.

31. By letter dated January 26, 2007, Defendant LIBERTY LIFE terminated Plaintiff's benefits under the LTD PLAN and stated that Plaintiff had the physical capacity to perform full-time work in various occupations.

32. Plaintiff administratively appealed the adverse benefit determination of Defendants.

33. Defendants had Plaintiff physically examined by their board-certified orthopedist, Isaac Cohen, MD.

34. Dr. Cohen also reviewed Plaintiff's medical records.

35. Dr. Cohen opined that Plaintiff's "injuries will prevent her from performing her normal work activities and certainly, the restrictions recommended after my examination, are so stringent that it is not compatible with any form of active work activity at this point."

36. Despite the opinion of Defendant LIBERTY LIFE's physician, by letter dated December 12, 2007, Defendant LIBERTY LIFE upheld its adverse benefit determination and refused to reinstate Plaintiff's benefits and pay all benefit arrears.

37. The LTD PLAN requires an insured to apply for Social Security Disability benefits.

38. The LTD PLAN provides that should the beneficiary/participant under the LTD PLAN receive Social Security Disability benefits, then the partipant's monthly disability benefit is reduced by the other income received from the Social Security Administration.

39. Defendants required Plaintiff to apply for Social Security Disability benefits pursuant to the LTD PLAN.

40. Defendants provided a company, The Shaw Group, to assist Plaintiff in applying for Social Security Disability benefits.

41. Plaintiff succeeded in obtaining an award of Social Security Disability benefits retroactive to July 2004 with the assistance of The Shaw Group.

42. In reliance on the favorable Social Security Disability decision and ongoing award, Defendant LIBERTY LIFE reduced Plaintiff's monthly disability benefit by the amount of benefits she received from the Social Security Administration.

43. Despite Plaintiff's receipt of Social Security disability benefits, Defendants refused to continue to pay monthly disability benefits to Plaintiff.

44. Defendants acted procedurally unreasonable in disregarding the Social Security award.

45. Defendants' refusal to pay benefits to Plaintiff is a willful and wrongful breach and violation of the LTD PLAN provisions, as well as an unlawful rejection of federal common law.

46. Monthly benefits have been and continue to be due and payable by Defendants to Plaintiff since January 26, 2007 under the LTD PLAN with the passage of each month.

47. Plaintiff exhausted all administrative appeals and remedies to the extent they exist pursuant to the provisions of the LTD PLAN and ERISA.

48. Pursuant to 29 U.S.C. §1133 and the regulations promulgated thereunder (29 C.F.R. §2560.503-1), Plans, their fiduciaries and designees must afford certain rights to participants and beneficiaries of employee welfare benefit plan claims and appeals of adverse benefit determinations.

49. Defendants failed to comply with 29 U.S.C. §1133 and 29 C.F.R. §2560.503-1, *et seq.* including, but not limited to, by failing to afford Plaintiff a reasonable claim procedure and failing to render a decision on the appeal within the time prescribed in the regulation.

50. Defendants failed to comply with 29 U.S.C. §1104(a)(1) by failing to discharge their duties solely in the interests of participants and beneficiaries of the LTD PLAN.

51. Defendant LIBERTY LIFE pays claims and is the claim administrator and fiduciary under the LTD PLAN.

52. As a result of its dual role, Defendant LIBERTY LIFE operates under a conflict of interest, which this Court must apply as a factor to determine whether Defendants abused their discretion in arriving at the adverse benefit determination.

53. Plaintiff is not limited to the administrative record in connection with the review of her disability claim under the LTD PLAN.

54. Defendants' adverse benefit determination was arbitrary and capricious and must be overturned.

55. Defendants' adverse benefit determination was not based on substantial evidence and

must be overturned.

56. Defendants' adverse benefit determination was erroneous as a matter of law and must be overturned.

57. Defendants committed a substantive abuse of discretion.

58. Defendants committed a procedural abuse of discretion.

59. Pursuant to 29 U.S.C. §1132(a)(1)(B), Plaintiff seeks legal damages.

60. Pursuant to 29 U.S.C. §1132(a)(1)(B), Plaintiff seeks equitable relief.

61. Pursuant to 29 U.S.C. §1132(g), Plaintiff is entitled to an award of attorneys' fees, costs and disbursements.

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

1. Legal damages representing all monthly benefit arrears from January 26, 2007 to the date of judgment, plus interest from January 26, 2007 to the date of judgment and post-judgment interest;

2. A declaration that Plaintiff is entitled to monthly benefit arrears from January 26, 2007 to the date of judgment, plus interest from January 26, 2007 to the date of judgment and post-judgment interest;

3. A declaration that Plaintiff is entitled to continuing monthly benefit payments from the date of judgment for so long as Plaintiff remains disabled pursuant to the terms of the LTD PLAN;

4. A declaration that Defendant is enjoined from improperly refusing to pay Plaintiff continuing monthly benefit payments for so long as Plaintiff remains disabled pursuant to the terms of the LTD PLAN;

5. An award of attorneys' fees, costs and disbursements pursuant to 29 U.S.C. §1132(g);

6. A declaration that Defendant is required to pay to Plaintiff attorneys' fees, costs and disbursements pursuant to 29 U.S.C. §1132(g);

7. An award of pre-judgment interest;

8. A declaration that Plaintiff may return to this Court, upon motion, to seek further declaratory relief in the event that it becomes necessary; and

9. That Plaintiff have such other and further relief as the Court may deem just and proper.

Dated: Woodbury, New York
July 17, 2008

GISONNI & HARMS, LLP

By: _____
Eve-Lynn Gisonni (EG-0758)
20 Crossways Park North - Suite 412
Woodbury, NY 11797
(516) 921-7773

Attorneys for Plaintiff
Louise White

9